IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

EDDIE BANKS, et al.

    Plaintiffs,

v.                                Case No: 3:21-cv-00065-REP

CITY OF FREDERICKSBURG, et al.

    Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS BETSY MASON, RICH PENNOCK, JOSHUA LYNCH, DAVID REILLY, NICOLE GENTRY, MICHAEL ATHENRY, JASON PITTS, JAMES CARR, AND DONALD LEE RIDENOUR

COMES NOW, the Defendants, Betsy Mason, Rich Pennock, Joshua Lynch, David Reilly, Nicole Gentry, Michael Athenry, Jason Pitts, James Carr, and Donald Lee Ridenour, collectively referred to as "Defendants," and for their response to the First Amended Complaint, state as follows.

1. In response to Paragraph 1, Defendants deny that they committed any act or omission constituting the violations of the First and Fourth Amendments of the United States Constitution and rely upon any and all defenses which shall be further stated within their response to the First Amended Complaint.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants deny the allegations of Paragraph 3.

4. Defendants deny the allegations of Paragraph 4.

1

5. Defendants deny the allegations of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants deny the allegations of Paragraph 7.

8. In response to Paragraph 8, Defendants deny that there is an actionable controversy and therefore deny that this Court has jurisdiction over these proceedings.

9. In response to Paragraph 9, Defendants deny there is a viable cause of action and deny that they committed any act or omission violating any constitutional rights and therefore deny this action is proper before this Court or any court.

10. Defendants can neither admit nor deny the allegations of Paragraph 10 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

11. Defendants can neither admit nor deny the allegations of Paragraph 11 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

12. Defendants can neither admit nor deny the allegations of Paragraph 12 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

13. Defendants can neither admit nor deny the allegations of Paragraph 13 having insufficient information to fully and fairly respond and therefore these

allegations shall be construed as denied.

14. Defendants can neither admit nor deny the allegations of Paragraph 14 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

15. Defendants can neither admit nor deny the allegations of Paragraph 15 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

16. Defendants can neither admit nor deny the allegations of Paragraph 16 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

17. Defendants can neither admit nor deny the allegations of Paragraph 17 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

18. Defendants can neither admit nor deny the allegations of Paragraph 18 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

19. Defendants can neither admit nor deny the allegations of Paragraph 19 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

20. In response to Paragraph 20, Defendants deny that any act or omission by the City of Fredericksburg, City of Fredericksburg Police Department or by the

Defendants, violated any constitutional rights of the Plaintiffs. All remaining allegations of Paragraph 20 are denied.

21. In response to Paragraph 21, Defendants admit Defendant Baroody is a City Manager of the City of Fredericksburg, and denies all remaining allegations of Paragraph 21.

22. Defendants admit that Defendant Layton is the Chief of the Fredericksburg Police Department but denies all remaining allegations contained within Paragraph 22.

23. Defendants admit that Defendant Betsy Mason is the Captain of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 23.

24. Defendants admit that Defendant Rich Pennock is Captain of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 24.

25. Defendants admit that Defendant Joshua Lynch is the Lieutenant of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 25.

26. Defendants admit that Defendant David Reilly is a Lieutenant of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 26.

27. Defendants admit that Defendant Nicole Gentry is a retired Lieutenant

of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 27.

28. Defendants admit that Defendant Crystal Hill is a Lieutenant of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 28.

29. Defendants admit that Defendant Michael Athenry is a Lieutenant of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 29.

30. Defendants admit that Defendant Jason Pitts is a Sergeant of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 30.

31. Defendants admit that Defendant James Carr is an Officer of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 31.

32. Defendants admit that Defendant Donald Lee Ridenour is an Officer of the Fredericksburg Police Department and deny all remaining allegations contained within Paragraph 32.

33. Defendants can neither admit nor deny the allegations of Paragraph 33 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

34. Defendants can neither admit nor deny the allegations of Paragraph 34

having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

35. Defendants can neither admit nor deny the allegations of Paragraph 35 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

36. Defendants can neither admit nor deny the allegations of Paragraph 36 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

37. Defendants can neither admit nor deny the allegations of Paragraph 37 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

38. Defendants deny the allegations of Paragraph 38.

39. In response to Paragraph 39, Defendants admit that on May 25, 2020, George Floyd died while in custody of a police officer, but have insufficient information or personal knowledge to admit or deny the allegations of Paragraph 39 and therefore as pled or construed as denied.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. In response to Paragraph 46, Defendants deny the allegations as pled, in particular, any force used by the Defendants was lawful and appropriate, the least and lowest amount of force necessary to preserve property and safety, in response to a violent, dangerous, threatening event. All remaining allegations contained in Paragraph 46 are denied.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54 and specifically deny that rubber bullets were ever deployed or used by any Fredericksburg Police Officer during the events of May 31 or June 1.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants can neither admit nor deny the allegations of Paragraph 67 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants can neither admit nor deny the allegations of Paragraph 80 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

81. Defendants can neither admit nor deny the allegations of Paragraph 81 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

82. Defendants can neither admit nor deny the allegations of Paragraph 82 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

83. Defendants can neither admit nor deny the allegations of Paragraph 83 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants can neither admit nor deny the allegations of Paragraph 87 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

88. Defendants can neither admit nor deny the allegations of Paragraph 88 having insufficient information to fully and fairly respond and therefore these

allegations shall be construed as denied.

89. Defendants can neither admit nor deny the allegations of Paragraph 89 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

90. Defendants can neither admit nor deny the allegations of Paragraph 90 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

91. Defendants can neither admit nor deny the allegations of Paragraph 91 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

92. Defendants deny the allegations of Paragraph 92.

93. Defendants can neither admit nor deny the allegations of Paragraph 93 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

94. Defendants deny the allegations of Paragraph 94.

95. Defendants deny the allegations of Paragraph 95.

96. Defendants can neither admit nor deny the allegations of Paragraph 96 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

97. Defendants deny the allegations of Paragraph 97.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants can neither admit nor deny the allegations of Paragraph 105 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

106. Defendants can neither admit nor deny the allegations of Paragraph 106 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

107. Defendants can neither admit nor deny the allegations of Paragraph 107 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

108. Defendants can neither admit nor deny the allegations of Paragraph 108 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

113. Defendants deny the allegations of Paragraph 113.

114. Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115.

116. In response to Paragraph 116, Defendants incorporate by reference their responses to Paragraphs 1 through Paragraphs 115.

117. Defendants deny the allegations of Paragraph 117.

118. Defendants deny the allegations of Paragraph 118.

119. Defendants deny the allegations of Paragraph 119.

120. Defendants deny the allegations of Paragraph 120.

121. In response to Paragraph 121, Defendants incorporate by reference their responses to Paragraphs 1 through Paragraphs 115 above.

122. Defendants deny the allegations of Paragraph 122.

123. Defendants deny the allegations of Paragraph 123.

124. Defendants deny the allegations of Paragraph 124.

125. In response to Paragraph 125, Defendants incorporate by reference their responses to Paragraphs 1 through Paragraphs 115.

126. Defendants can neither admit nor deny the allegations of Paragraph 126 having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

127. Defendants can neither admit nor deny the allegations of Paragraph 127

having insufficient information to fully and fairly respond and therefore these allegations shall be construed as denied.

128. Defendants deny that they are indebted to the Plaintiffs under any theory of law and therefore deny Paragraph 128 as pled.

129. Defendants deny that they are indebted to the Plaintiffs under any theory of law and deny that the Plaintiffs are entitled to the relief requested.

130. Defendants deny that the Plaintiffs are entitled to any relief under any theory of law and deny that Plaintiffs are entitled to an award of punitive damages and deny that the cause of action states a claim for which relief can be granted.

131. Defendants deny that Plaintiffs are entitled to costs and attorney's fees for any cause of action of any kind.

132. Defendants deny that Plaintiffs are entitled to any relief against these Defendants and such claim fails to state a claim for which relief can be granted.

For further response and for assertion of their defenses, Defendants state as follows:

### **First Defense**

Defendants deny that this cause of action states a claim for which relief can be granted.

### **Second Defense**

Defendants deny that Plaintiffs have alleged constitutional violations by these Defendants rising to the level of an actionable cause under Section 1983.

### Third Defense

Defendants deny that they committed any act or omission giving rise to cause of action herein.

### Fourth Defense

Defendants affirmatively assert that at no time were rubber bullets deployed in the City of Fredericksburg by any of these Defendants during the time alleged and during the events of May 31 or June 1.

### Fifth Defense

Defendants assert that any and all cause of action herein is barred by the doctrine of sovereign immunity.

### Sixth Defense

Defendants assert that at all times they complied with all federal, state or other regulations, laws or standards.

### Seventh Defense

Defendants assert that their actions throughout were privileged.

### Eighth Defense

Defendants assert the defense of qualified immunity.

### Ninth Defense

Defendants assert that any and all actions of these Defendants involved conduct using the lowest amount of force to protect the lives and property of the citizens of the City of Fredericksburg, the property of the City of Fredericksburg and

the lives and safety of the police officials.

### Tenth Defense

Defendants assert the affirmative defense of contributory negligence.

### Eleventh Defense

Defendants assert that Plaintiffs assumed a known risk by their actions and their conduct.

### Twelfth Defense

Defendants assert that Plaintiffs' claims for punitive damages fail to state a claim for which relief can be granted.

### JURY DEMAND

Defendants assert and demand a trial by jury on all issues joined herein.

WHEREFORE, the foregoing considered, the Defendants hereby move this Court to dismiss the First Amended Complaint and award them costs expended.

**Betsy Mason, Rich Pennock, Joshua Lynch, David Reilly, Nicole Gentry, Michael Athenry, Jason Pitts, James Carr, and Donald Lee Ridenour**
By Counsel

   /s/ John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
*Counsel for Defendants*
Betsy Mason, Rich Pennock, Joshua Lynch,
David Reilly, Nicole Gentry, Michael Athenry,
Jason Pitts, James Carr, and Donald Lee Ridenour

## CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of August, 2021, a true and accurate copy of the foregoing **Answer to First Amended Complaint** was sent via the CM/ECF system to:

Michael G. Allen, Esq.
Jia Michelle Cobb, Esq.
Gabriel Diaz, Esq. (pro hac vice)
Reiman Dane & Colfax, PLLC
1225 19th Street NW - Suite 600
Washington, DC 20036
mallen@relmanlaw.com
jcobb@relmanlaw.com
Counsel for Plaintiffs

Terry Catherine Frank, Esq.
Terry Frank Law
108 East Grace Street, Suite 101
Richmond, VA 23219
terrry@terryfranklaw.com
Counsel for Plaintiffs

Tara Murray, Esq.
Law Office of Tara Murray, PLLC
300 New Jersey Ave NW, Suite 900
Washington, DC 20001
taralcmurray@gmail.com
Counsel for Plaintiffs

David P. Corrigan, Esq.
Maurice Scott Fisher, Jr., Esq.
Harman Claytor Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
dcorrigan@hccw.com
sfischer@hccw.com
Counsel for Defendants City of Fredericksburg, Timothy J. Baroody, Brian Layton, & Crystal Hill

16

Jennifer Lynn McGovern, Esq.
Jennifer Lee Parrish, Esq.
Parrish Snead Franklin Simpson, PLC
901 Princess Anne Street, 2nd Floor
Fredericksburg, VA 22401
mcgovern@parrishsnead.com
parrish@parrishsnead.com
Counsel for Defendants City of Fredericksburg, Timothy J. Baroody, Brian Layton, & Crystal Hill

William Woodul Turner, Esq.
Thompson McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219-4140
Wtunner@t-mlaw.com
Counsel for Defendant Fredericksburg Sheriff's Office

Alexander Francuzenko, Esq.
Philip C. Krone, Esq.
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Alex@cookcraig.com
Pkrone@cookcraig.com
Counsel for Defendant Michael Pearce

   /s/ John D. McGavin
John D. McGavin, Esq.